IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

GENESIS INSURANCE COMPANY                    PLAINTIFF

v.                No. 4:16-cv-880-DPM

LITTLE ROCK SCHOOL DISTRICT                  DEFENDANT/
                                                           CROSS CLAIMANT

SHERRY PETTY, Administrator of the Estate
of Malik Lewis, Deceased                              DEFENDANT/
                                                           CROSS DEFENDANT

## ORDER

Genesis has responded to the Court's recent Order, № 30 at 4–5, with the attached letter. The Court will therefore dismiss the remaining counts without prejudice and enter judgment for Genesis and LRSD, using its own form.

So Ordered.

*D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

26 July 2017



| | |
|---|---|
| MUNSON<br>ROWLETT<br>MOORE<br>BOONE | 400 WEST CAPITOL, SUITE 1900<br>LITTLE ROCK, ARKANSAS 72201<br>VOICE (501) 374-6535<br>FAX (501) 374-5906<br>www.mrmblaw.com<br><br>RICHARD SHANE STRABALA<br>shane.strabala@mrmblaw.com<br>DIRECT (501) 370-4642 |

July 21, 2017

Honorable D. P. Marshall, Jr.
United States District Judge
600 West Capitol Avenue, Room B149
Little Rock, AR 72201

Re:   Sherry A. Petty, on behalf of the Estate of Malik Lewis, Deceased v. Little Rock
      School District; Pulaski County Circuit No. 60CV-13-951
      Our File: 27650

Dear Judge Marshall:

I am one of the attorneys representing Genesis Insurance Company in connection with the above-captioned lawsuit, and am writing after having received and reviewed a copy of the Court's July 18, 2017, Order. In that Order, Your Honor indicated that, unless additional relief was requested by Genesis by July 28, 2017, the Court would dismiss the remaining counts of my client's Complaint without prejudice and enter Judgment. Based upon my review of the Court's Order, I believe that the ruling is dispositive of all the issues in this case. For this reason, Genesis has no objection to the Court dismissing the remaining counts without prejudice.

On another note, I am enclosing with this correspondence a proposed Judgment that has been prepared by my co-counsel, Jerry Cordelli, which we hope embodies the Court's prior ruling. I know from prior experience that some judges prefer to have the parties submit proposed precedents and that some judges prefer to prepare their own. Because I was not sure of Your Honor's preference, I thought it best to submit a proposed Judgment simply out of an abundance of caution.

As always, the Court's many courtesies are truly appreciated. By copy of this correspondence, I am advising counsel of record of my communication with the Court.

Best regards,

Shane Strabala

RSS/rab
Enclosure

Honorable D. P. Marshall, Jr.
July 21, 2017
Page 2

cc w/encl:
    Lawrence Anthony Walker
    John W. Walker, P.A.
    1723 Broadway
    Little Rock, Arkansas

    Christopher Heller
    Khayyam M. Eddings
    FRIDAY ELDREDGE & CLARK LLP
    400 West Capitol Ave., Suite 2000
    Little Rock, AR 72201-3522

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**GENESIS INSURANCE COMPANY**                                                           **PLAINTIFF**

v.                                        No. CIV-4:16-cv-880-DPM

**THE LITTLE ROCK SCHOOL DISTRICT AND
SHERRY A. PETTY, ADMINISTRATOR OF THE
ESTATE OF MALIK LEWIS, DECEASED**                                                       **DEFENDANTS**

## JUDGMENT ON PLAINTIFF'S COMPLAINT

On December 5, 2016, Plaintiff Genesis Insurance Company ("Genesis") filed a Complaint for Declaratory Relief in the instant insurance coverage action. On March 22, 2017, Genesis filed Plaintiff's Motion for Judgment on the Pleadings ("Plaintiff's JOP Motion") and Brief In Support (Docket Nos. 19 and 20), seeking the entry of Judgment on the Pleadings as to Count One (No Present Obligation Under the Policy) and Count Two (No Waiver of Retained Limit Requirement) of the Complaint for Declaratory Relief. Defendant Sherry A. Petty, Administrator of the Estate of Malik Lewis, Deceased ("Petty"), the plaintiff in an underlying wrongful death action styled *Sherry A. Petty On Behalf of the Estate of Malik Lewis, deceased, v. Little Rock School District,* currently pending in the Circuit Court of Pulaski County, Arkansas, and bearing Civil Action No. 60CV-13-951 (the "Petty Action"), and Separate Defendant the Little Rock School District ("District"), the Insured under a policy of insurance issued by Genesis (the "Policy") and also a defendant in the Petty Action, each filed their Responses to Plaintiff's JOP Motion and Briefs In Support (Docket Nos. 21-22 and 23-24, respectively). On July 18, 2017, this Court issued its Order (Docket No. 30) granting Plaintiff's JOP Motion pursuant to Federal Rules of Civil Procedure Rule 12(c). In the Order, the Court also granted

1

Judgment on the Pleadings to the District on its Cross-Claim against Petty. As a result, no claims for relief remain pending herein.

NOW, THEREFORE, FOR THE REASONS STATED IN THE JULY 18, 2017 ORDER, IT IS HEREBY ORDERED THAT:

JUDGMENT is hereby entered in favor of Genesis Insurance Company as to Counts 1 and 2 of Plaintiffs' Complaint for Declaratory Relief. Counts 3 through 5 of Plaintiff's Complaint are dismissed without prejudice, as moot. By this Judgment, the Court hereby declares the rights and obligations of the parties under the Policy issued by Genesis to the District respecting the Petty Action, as follows:

(a)  Genesis has no obligation to indemnify the District for any sums unless, and until, the District has paid $300,000 in claim expenses and/or damages awarded in favor of Petty that the District is legally obligated to pay because of bodily injury.

(b)  Genesis has no present obligation to indemnify the District for any sums in connection with the Petty Action.

(c)  Genesis has no obligation to cover any damages awarded against the District in the Petty Action in excess of $25,000 but less than or equal to $300,000, unless and until the $300,000 Retained Limit under the Policy has been satisfied by payments made by the District in connection with the defense or agreed settlement of the Petty Action.

(d)  Genesis has no obligation to pay any settlement of claims against the District, or to indemnify the District for any settlement it pays, unless and until the $300,000 Retained Limit under the Policy has been satisfied by payments made by the District in connection with the defense or agreed settlement of the Petty Action.

(e) Genesis has no obligation to pay any judgment entered against the District in the Petty Action, or to indemnify the District for any judgment in the Petty Action that the District pays, unless and until the $300,000 Retained Limit under the Policy has been satisfied by payments made by the District in connection with the defense or agreed settlement of the Petty Action.

(f) Under Arkansas law, the District cannot be held liable for damages in the Petty Action in excess of the $1,000,000 Limits of Liability each "occurrence" under the Policy.

(g) Under Arkansas law, the District cannot be held responsible to pay any judgment entered against it in the Petty Action that is in excess of the $1,000,000 Limits of Liability each "occurrence" provided under the Policy.

(h) To the extent that the Retained Limits is satisfied by payments made by the District in connection with the defense or agreed settlement of the Petty Action, Genesis' obligation to indemnify the District with respect to the Petty Action is limited to the $1,000,000 Limits of Liability each "occurrence" provided under the Policy.

(i) To the extent that the Retained Limits is satisfied by payments made by the District in connection with the defense or agreed settlement of the Petty Action, Genesis' obligation to pay any verdict rendered in the Petty Action is limited to the $1,000,000 Limits of Liability each "occurrence" provided under the Policy.

(j) To the extent that the Retained Limits is satisfied by payments made by the District in connection with the defense or agreed settlement of the Petty Action,

Genesis' obligation to pay any damages awarded in the Petty Action is limited to the $1,000,000 Limits of Liability each "occurrence" provided under the Policy.

(k) To the extent that the Retained Limits is satisfied by payments made by the District in connection with the defense or agreed settlement of the Petty Action, Genesis' obligation to pay any judgment entered in the Petty Action is limited to the $1,000,000 Limits of Liability each "occurrence" provided under the Policy.

(l) To the extent that the Retained Limits is satisfied by payments made by the District in connection with the defense or agreed settlement of the Petty Action, Genesis' obligation to pay any settlement of the Petty Action is limited to the $1,000,000 Limits of Liability each "occurrence" provided under the Policy.

IT IS SO ORDERED this _____ day of _____, 2017.

_____
HONORABLE D.P. MARSHALL, JR.
United States District Judge